MURPHREE, Associate Justice.
Hotel Sherry Frontenac and Hotel Sovereign of Miami Beach, Florida have an ownership in common of greater than fifty percent. They are operated under identical management. The Sherry Frontenac maintains a laundry on the premises for the purpose of doing its own linens, and incidentally, those of the Sovereign. The Sovereign is thus served at actual cost, or less, and the linen supply of each hotel is used interchangeably. No laundry is done for guests of either hotel, nor for the public generally.
The City sought to enjoin the Sherry Frontenac from doing laundry for any other except itself, as being in violation of the zoning ordinance of the City.
Sherry Frontenac does not contend that the maintenance of a laundry within the hotel is a permissive use under the zoning ordinance of the City of Miami Beach (ordinance No. 289, Sections S and 5%), but only that it may legitimately operate the laundry as an accessory use. Accessory uses are defined in the ordinance as: “uses customarily incident to the principal uses as permitted, but not including any commercial activity” (Section 1 of said ordinance) .
There being no dispute as to the facts, the Chancellor on motion for summary judgment denied the injunction, observing in his decree that the City was “ * * * seeking, arbitrarily, to make an impractical application of an ordinance, not justified by the related circumstances * *
We think the Chancellor hit the mark. The laundry was a proper accessory use. Cleaning without profit the linens of its companion hotel, the Sovereign, under the peculiar facts of this case was not a commercial activity within the intendment of the ordinance, and does not affect the health, safety, morals, or general welfare of the community.
Affirmed.
MATHEWS, C. J., and TERRELL and THOMAS, JJ., concur.
DREW, J., dissents.
HOBSON, J., not participating.